**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Yvette C. MENDOZA, aka Yvette Schneider, Defendant—Appellant.**

No. 01–10549.

D.C. No. CR 99–0409 HG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided June 4, 2002.

Before WALLACE, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM *

Yvette Mendoza was convicted of sending threatening communications through the United States mail in violation of 18 U.S.C. § 876. Her appeal challenges the district court's conclusion that, based on the factors articulated in *United States v. Wauneka*, 770 F.2d 1434 (9th Cir.1985), she was not "in custody" for the purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), when she signed a written statement confessing to the crime. We have jurisdiction under 28 U.S.C. § 1291. We have carefully reviewed the record and affirm for the reasons set forth in the district court's Order Denying Defendant's Motion to Suppress Statements of April 13, 2000.[1]

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. We note one minor disagreement with the district court's findings. In applying the *Wauneka* factor of the extent to which Mendoza was confronted with evidence of guilt, the district found that "[t]he agents clearly did not confront Defendant with any physical evidence of guilt." Mendoza's written confession, however, which was prepared by the interrogating agents, states that, during the course of the interrogation, Special Agent Crosson confronted her with the incriminating letters: "Mr. CROSSON showed me copies of envelopes which were addressed to various persons, and the letters which were

contained in the envelopes." The district court's error in this regard does not, however, affect its holding because it nonetheless found that Crosson's accusatory statements had "the same psychological effect as con-frontation by physical evidence." Thus, the error does not affect the outcome of the *Wauneka* balancing test.

